

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 APR -1  PM 2: 04

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

REGINALD MANUEL and  \*  NO. **05-1224**
YAPHET JONES, individually and \*
p/k/a U.N.L.V.     \*
          \*  SECTION:
Versus        \*
          \*
CASH MONEY RECORDS, INC. \*  MAG.: **SECT. A MAG. 1**
          \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CMR'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Cash Money Records, Inc. ("CMR") answers the Petition for Damages and Preliminary and Permanent Injunctions of plaintiffs Reginald Manuel and Yaphet Jones (popularly known as "UNLV") as follows (restating plaintiffs' allegations for ease of reference):

 *I. Plaintiffs, Reginald Manuel and Yaphet Jones, are persons of the full age of majority domiciled in the Parish of Orleans, State of Louisiana.*

CMR denies the allegations of paragraph I for lack of sufficient information to justify a belief as to their truth.

 *II. Defendant, Cash Money Records, Inc., is a Louisiana corporation, with its principal place of business in the Parish of Jefferson, State of Louisiana. Defendant is liable to plaintiffs as follows:*

CMR admits it is a Louisiana corporation with its principal place of business in Jefferson Parish, Louisiana. CMR denies any and all liability.

 *III. On or about 1992 or 1993, defendant Cash Money Records, Inc. entered into a Recording Contract and Publishing Agreement with plaintiffs, Reginald Manuel*

{N1212557.1}

_____ Fee_____
_____ Process_____
_X_/ Dktd_____
_____ CtRmDep_____
_____ Doc. No _____

*and Yaphet Jones, individually and p/k/a U.N.L.V.. The purpose of the Recording Contract and Publishing Agreement was the production, distribution and marketing of U.N.L.V. future musical compilations.*

CMR denies the allegations of paragraph III, except only to admit there was an agreement between CMR and UNLV regarding the production and distribution of musical compilations.

IV.   *Pursuant to the Recording Contract and/or Publishing Agreement, defendant Cash Money Records, Inc. agreed to provide accounting regarding the expenses incurred and sales made pursuant to its agreement, and to pay sums due.*

CMR denies the allegations of paragraph IV.

V.   *On the Cash Money label, plaintiffs, individually and p/k/a U.N.L.V., recorded six (6) musical compilations (referred to herein as "LPs"), Mac Melph Calio, Straight from tha ramp, UNLV Uptown 4 Life, UNLV Greatest Hits-With new Songs, 6th & Barone, and Straight Out Tha Gutta.*

CMR denies the allegations of paragraph V except to admit that while CMR and UNLV were associated, six albums were recorded.

VI.   *Upon information and belief, Cash Money Records, Inc., entered into a licensing agreement(s) for the distribution of Mac Melph Calio, Straight from tha ramp, UNLV Uptown 4 Life, UNLV Greatest Hits-With new Songs, 6th & Barone, and Straight Out Tha Gutta, the six LPs.*

CMR admits that it entered into a licensing agreement which provided for the distribution of certain albums.

VII.   *Upon information and belief, the licensing agreement required Cash Money Records, Inc., and/or its distributors and/or its assignees, to make payment pursuant to the agreement within a specified time following the close of each calendar semi-annual period.*

CMR denies the allegations of paragraph VII.

VIII.   *Plaintiffs have not received payment or adequate royalty statements from Cash Money Records, Inc., and/or its distributors and/or its assignees for the sales of these LPs.*

{N1212557.1}

CMR denies the allegations of paragraph VIII.

IX.    *Pursuant to the Recording Contract and Publishing Agreement, defendant, Cash Money Records, Inc. was to make an account of all sums paid for the production, distribution and promotion of such LP and to pay plaintiffs a percentage of the profits from the sale of such LP.*

CMR denies the allegations of paragraph IX.

X.    *The above referenced contracts were entered into in the Parish of Orleans, State of Louisiana.*

CMR admits the agreement between UNLV and CMR was entered into in the Parish of Orleans, State of Louisiana.

XI.    *Plaintiffs faithfully performed their contractual obligations.*

CMR denies the allegations of paragraph XI.

XII.    *Plaintiffs have not received adequate accounting and/or accounting statements from Cash Money Records, Inc., and/or its distributors and/or its assignees relating to Mac Melph Calio, Straight from tha ramp, UNLV Uptown 4 Life, UNLV Greatest Hits-With new Songs, 6th & Barone, and Straight Out Tha Gutta, the six LPs.*

CMR denies the allegations of paragraph XII.

XIII.    *Plaintiffs have not been paid all money owed by defendant, Cash Money Records, Inc. for the LPs, Mac Melph Calio, Straight from tha ramp, UNLV Uptown 4 Life, UNLV Greatest Hits-With new Songs, 6th & Barone, and Straight Out Tha Gutta.*

CMR denies the allegations of paragraph XIII.

XIV.    *The Packaging of Mac Melph Calio, Straight from tha ramp, UNLV Uptown 4 Life, UNLV Greatest Hits-With new Songs, 6th & Barone, and Straight Out Tha Gutta LPs sold by Defendant, Cash Money Records, Inc. improperly identifies Cash Money Records, Inc. as the sole copyright owner of the sound recordings contained in these LPs.*

CMR denies the allegations of paragraph XIV.

XV.    *Pursuant to the agreement and federal law, defendant, Cash Money Records, Inc., is required to pay mechanical royalties on the sale of the above referenced LPs.*

CMR denies the allegations of paragraph XV.

XVI.   Based on the information and belief, mechanical royalties have not been fully paid to the copyright owners by defendant on the sale of the six above referenced LPs.

CMR denies the allegations of paragraph XVI.

XVII.  Defendant, Cash Money Records, Inc., improperly, illegally, fraudulently licensed the six LPs, Mac Melph Calio, Straight from tha ramp, UNLV Uptown 4 Life, UNLV Greatest Hits-With new Songs, 6th & Barone, and Straight Out Tha Gutta.

CMR denies the allegations of paragraph XVII.

XVIII. Pursuant to the contract, plaintiffs requested an accounting from defendant regarding the distribution and sale of the above referenced LPs. Plaintiffs have not received adequate accounting information and/or records and/or statements.

CMR denies the allegations of paragraph XVIII except to admit that plaintiffs requested

an accounting.

XIX.   Defendant has misrepresented and intentionally misstated the expenses incurred in the sale, distribution and promotion of the referenced LPs and the amount of sales of the LPs.

CMR denies the allegations of paragraph XIX.

XX.    The actions of the defendant constitute a breach of their obligation of good faith and fair dealing and constitute fraud, based on the above allegations.

CMR denies the allegations of paragraph XX.

XXI.   Although plaintiffs faithfully performed their obligations under the contracts, defendant, Cash Money Records, Inc., breached the contracts.

CMR denies the allegations of paragraph XXI.

XXII.  As a result of the foregoing, plaintiffs have suffered financial losses and damage to their personal and business reputation and good will.

CMR denies the allegations of paragraph XXII.

XXIII. The actions on the part of defendant, Cash Money Records, Inc., were oppressive, unscrupulous, immoral, unethical, and substantially injurious to consumers and

{N1212557.1}

4

*constitute a deceptive or unfair trade practice under the Louisiana Unfair Trade Practice and Consumer Protection Law, La.-R.S. 51:1401 et seq. A copy of this Petition is to be served on the Louisiana Attorney General in accordance with such statute.*

CMR denies the allegations of paragraph XXIII.

*XXIV. Defendant, Cash Money Records, Inc., is liable unto the plaintiffs for the following non-exclusive causes of action:*
    *a.    Deceptive and unfair trade practices;*
    *b.    Breach of contract;*
    *c.    Violations of Federal Copyright law;*
    *d.    Breach of duty under Article 2315 of the Louisiana Civil Code;*
    *e.    Breach of its fiduciary duty;*
    *f.    Conversion;*
    *g.    Unjust Enrichment; and,*
    *h.    Fraud.*

CMR denies the allegations of paragraph XXIV, including each and every subparagraph.

*XXV.  Plaintiffs are entitled to recover attorney's fees and treble damages pursuant to Louisiana Revised Statute 51:1402 and 1409.*

CMR denies the allegations of paragraph XXV.

*XXVI. Based on information and belief, defendant, Cash Money Records, Inc., continues to obtain additional manufacturing of the above referenced LPs and continues to sell the above referenced LPs without providing any accounting and/or payment to plaintiffs.*

CMR denies the allegations of paragraph XXVI.

*XXVII. The Packaging of Mac Melph Calio, Straight from tha ramp, UNLV Uptown 4 Life, UNLV Greatest Hits-With new Songs, 6th & Barone, and Straight Out Tha Gutta LPs sold by Defendant, Cash Money Records, Inc. improperly identifies Cash Money Records, Inc. as the sole copyright owner of the sound recordings contained in the LPs. The failure to pay mechanical royalties on a timely basis is damaging to the reputation of the plaintiffs in the music industry.*

CMR denies the allegations of paragraph XXVII.

*XXVIII. The actions of the defendant in continuing to sell the referenced LPs limit and reduce the ability of plaintiffs to sell the LPs with the identification of the correct*

{N1212557.1}

*owner of the copyrights to the sound recordings and to sell the LPs through legal and proper means.*

CMR denies the allegations of paragraph XXVIII.

*XXIX. Plaintiffs request that a Preliminary Injunction be issued, Ordering that the defendant cease the sale of the LPs and that the existing stock of the LPs be placed in trust.*

The allegations of paragraph XXIX do not require an answer of CMR, but out of an abundance of caution, CMR denies that UNLV is entitled to injunctive relief.

*XXX.   Plaintiffs further request that any and all money from the sale of such LPs be placed in the registry of the Court until this lawsuit can be resolved.*

The allegations of paragraph XXX do not require an answer of CMR, but out of an abundance of caution, CMR denies that UNLV is entitled to have monies deposited into the registry of the Court.

*XXXI.  Plaintiffs request a trial by jury.*

The allegations of paragraph XXXI do not require an answer of CMR.

## AFFIRMATIVE DEFENSES

In further answering, CMR alleges:

### XXXII.

UNLV's claims are barred, in whole or part, by the doctrines of estoppel, laches and/or acquiescence.

### XXXIII.

UNLV's claims are barred, in whole or in part, by the Copyright Act's statute of limitations.

{N1212557.1}

XXXIV.

UNLV's claims are barred by prescription.

XXXV.

UNLV's claim under the Louisiana Unfair Trade Practices Act is barred by the one year preemptive period of La.R.S. 51:1405.

XXXVI.

UNLV's state law claims are preempted by the Copyright Act.

**COUNTERCLAIM**

Cash Money Records, Inc. ("CMR") asserts the following counterclaims against Reginald Manuel and Yaphet Jones, popularly known as UNLV:

1.

CMR produced, published and distributed UNLV's 1997 album *UNLV's Greatest Hits.*

2.

*UNLV's Greatest Hits* album contains a song titled DON'T U BE GREEDY. The music for DON'T U BE GREEDY was created, developed and produced by CMR.

3.

CMR has submitted an application for copyright registration of the sound recording, including copyright registration of underlying music, for DON'T U BE GREEDY. A copy of that application, as received by the U.S. Copyright Office, is attached as Exhibit 1.

4.

In 2004, UNLV released the album *Keep It Gutta*, containing a song titled GO D.J.

{N1212557.1}

5.

UNLV's GO D.J. impermissibly copies distinctive portions of the music CMR created, produced and published as part of DON'T U BE GREEDY.

6.

UNLV never sought or obtained CMR's permission or authority to copy CMR's music.

## Count I:  Copyright Infringement

7.

CMR incorporates paragraphs 1 through 6 of this Counterclaim.

8.

UNLV's actions constitute copyright infringement pursuant to 17 U.S.C. §101 *et seq.*

9.

CMR has been and is likely to be damaged by UNLV's continued infringement of CMR's copyrights.

10.

CMR is entitled to injunctive and monetary relief pursuant to 17 U.S.C. §§502 through 505 for UNLV's infringement of CMR's copyrights.

## Count II: Louisiana Unfair Trade Practice

11.

CMR incorporates paragraphs 1 through 10 of this Counterclaim.

{N1212557.1}

8

12.

UNLV's actions constitute unfair and deceptive trade practices under La.R.S. 51:1401 *et seq.*

13.

UNLV's unfair trade practices have and will likely continue to damage CMR.

14.

CMR is entitled to injunctive and monetary relief pursuant to Louisiana Revised Statutes 51:1407 through 1409. CMR is additionally entitled to attorney's fees and costs pursuant to La.R.S. 51:1409.

**WHEREFORE**, Cash Money Records, Inc. prays for judgment against Reginald Manuel and Yaphet Jones, popularly known as UNLV, as follows:

1.      Permanently enjoining Manuel, Jones, UNLV, their employees, agents, successors, administrators, assigns, affiliates and all those acting in concert or participating with them, from actions that infringe CMR's copyrights; and

2.      Requiring Manuel, Jones and UNLV to deliver all matter whatsoever which contains CMR's copyrighted music for impoundment; and

3.      Requiring Manuel, Jones and UNLV to account for all gains, profits and advantages derived by them during the unauthorized use of CMR's copyright; and

4.      Awarding CMR actual damages against Manuel, Jones and UNLV for their unauthorized use of CMR's copyright; and

5.      Awarding CMR attorney fees and costs pursuant to the Copyright Act; and

{N1212557.1}

9

6.     Awarding CMR three times actual damages as a result of Manuel, Jones and UNLV's violation of the Louisiana Unfair Trade Practices and Consumer Protection Act; and

7.     Awarding CMR attorney fees and costs pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Act; and

8.     Awarding CMR all other relief to which it may prove to be entitled.


Respectfully submitted,


THOMAS K. POTTER, III (T.A.) (#17348)
GREGORY D. LATHAM (#25955)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRERE & DENEGRE, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
Telephone: (504) 582-8000
Telecopier: (504) 582-8011
**Attorneys for Defendant,**
 **Cash Money Records, Inc.**


## CERTIFICATE OF SERVICE

I certify that I have on this ___ day of April, 2005 served

Richard G. Duplantier, Jr.
Rodney K. E. Mintz
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, 4040 One Shell Square
New Orleans, Louisiana 70139

a copy of Cash Money's Answer, Affirmative Defenses and Counterclaims.


Gregory D. Latham

{N1212557.1}

10