

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN -6  PM 3: 43

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REGINALD MANUEL, ET AL** | * | **CIVIL ACTION NO. 05-1224** |
| **VERSUS** | * | **SECTION "A"** |
| **CASH MONEY RECORDS, INC.** | * | **MAG. "1"** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>ANSWER TO CMR'S COUNTERCLAIM</u>

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, REGINALD MANUEL and YAPHET JONES, individually and p/k/a U.N.L.V. (hereinafter collectively "UNLV"), answering Cash Money Records, Inc.'s (CMR) Counterclaim as follows:

1.

The allegations of Paragraph 1 of CMR's Counterclaim are denied for lack of sufficient information to justify a belief herein.

2.

UNLV admits that its album entitled *UNLV's Greatest Hits* contained a song titled DON'T U BE GREEDY. The remainder of the allegations contained in Paragraph 2 of CMR's Counterclaim are denied as written.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

3.

The allegations of Paragraph 3 of CMR's Counterclaim are denied for lack of sufficient information to justify a belief herein.

4.

The allegations contained of Paragraph 4 of CMR's Counterclaim are denied as written. UNLV avers that *Keep It Gutta* was released on or around July 2003.

5.

The allegations of Paragraph 5 of CMR's Counterclaim contain legal conclusions for which no answer is required.  To the extent that a response is required, the allegations are denied.

6.

The allegations contained of Paragraph 6 of CMR's Counterclaim are denied.

7.

The allegations of Paragraph 7 of CMR's Counterclaim do not require an answer from UNLV.  To the extent that a response is required, UNLV re-alleges each of its responses to Paragraph 1 through 6 of the Counterclaim.

8.

The allegations of Paragraph 8 of CMR's Counterclaim contain legal conclusions for which no answer is required.  To the extent that a response is required, the allegations are denied.

9.

The allegations contained of Paragraph 9 of CMR's Counterclaim are denied.

10.

The allegations of Paragraph 10 of CMR's Counterclaim contain legal conclusions for which no answer is required.  To the extent that a response is required, the allegations are denied.

11.

The allegations of Paragraph 11 of CMR's Counterclaim do not require an answer from UNLV. To the extent that a response is required, UNLV re-alleges each of its responses to Paragraph 1 through 10 of the Counterclaim.

12.

The allegations of Paragraph 12 of CMR's Counterclaim contain legal conclusions for which no answer is required. To the extent that a response is required, the allegations are denied.

13.

The allegations contained of Paragraph 13 of CMR's Counterclaim are denied.

14.

The allegations of Paragraph 14 of CMR's Counterclaim contain legal conclusions for which no answer is required. To the extent that a response is required, the allegations are denied.

15.

UNLV denies any unnumbered allegations.

16.

UNLV denies any allegations not expressly admitted herein.

**AND NOW FURTHER ANSWERING,** UNLV responds with the following affirmative defenses:

## FIRST DEFENSE

UNLV avers that CMR's injuries were caused by CMR's own actions/fault, which actions/fault act as a bar to and/or in diminution of recovery herein.

## SECOND DEFENSE

UNLV avers that the CMR's damages were caused by the fault and/or negligence of third parties for whom UNLV is not responsible and over whom UNLV exercises no control.  Such fault and/or negligence of any third party is pleaded herein as a bar to and/or in diminution of recovery by CMR herein.

## THIRD DEFENSE

CMR has failed to state an action and/or has no right or cause of action upon which relief can be granted.

## FOURTH DEFENSE

UNLV acted in good faith and in compliance with all applicable laws at all times.

## FIFTH DEFENSE

UNLV avers that CMR's claims are barred in whole and/or in part by operation of law, prescription, estoppel, acquiescence, and/or laches.

## SIXTH DEFENSE

UNLV avers that the claims asserted by CMR are barred in whole and/or in part by the doctrine of estoppel and waiver based on law and equity, as well as a course of dealings between the parties.

## SEVENTH DEFENSE

CMR's Counterclaims are diminished and/or extinguished by the doctrine of offset.

## EIGHTH DEFENSE

CMR's claims are barred by the unclean hands doctrine.

## NINTH DEFENSE

CMR's claims are barred, in whole or in part, by the Copyright Act's statute of limitations.

## TENTH DEFENSE

CMR's claim under the Louisiana Unfair Trade Practices Act is barred by the one year peremption of La. R.S. 51:1405.

## ELEVENTH DEFENSE

CMR's state law claims are preempted by the Copyright Act.

## TWELFTH DEFENSE

CMR's claims are barred, in whole or in part, by the economic loss rule.

## THIRTEENTH DEFENSE

CMR's claims are barred, in whole or in part, by the doctrine of the sophisticated user.

## FOURTEENTH DEFENSE

As UNLV has only preliminary information regarding CMR's claim, it reserves the right to supplement and amend this answer to assert any further affirmative defenses that may become apparent throughout the course of discovery and this litigation.

**WHEREFORE**, plaintiffs, REGINALD MANUEL and YAPHET JONES, individually and p/k/a U.N.L.V., pray that this Answer to CMR's Counterclaim be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in favor of UNLV, dismissing CMR's suit, with prejudice, at CMR's cost and for all further general and equitable relief as the law may provide and this Honorable Court is competent to grant.

Respectfully submitted,

RICHARD G. DUPLANTIER, JR. (#18874)
RODNEY K. E. MINTZ (#27846)
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
4040 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456
COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel of record by depositing same in the United States Mail, properly addressed and postage prepaid, this 6th day of June, 2005.

RICHARD G. DUPLANTIER, JR.