UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**REGINALD MANUEL, et al**                                          **CIVIL ACTION**

**VERSUS**                                                                        **NO: 05-1224-JCZ-SS**

**CASH MONEY RECORDS, INC.**

**ORDER**

UNLV'S MOTION FOR SANCTIONS (Rec. doc. 58)

**GRANTED IN PART AND DENIED IN PART**

    Before the undersigned is the motion of the plaintiffs, Reginald Manuel and Yaphet Jones, professionally known as U.N.L.V. ("UNLV"), for sanctions against the defendant, Cash Money Records, Inc. ("CMR"). On June 9, 2006 the court denied UNLV's request for sanctions and said:

> This does not resolve UNLV's contention that the expense reports are "invalid, incomplete and inaccurate." Rec. doc. 58. It contends that without the hard copy information, it cannot effectively cross-examine witnesses as to the inaccuracies in the reports. UNLV alleges that CMR "misrepresented and intentionally misstated the expenses incurred in the sale, distribution and promotion of the referenced LPs. . . ." Rec. doc. 1. UNLV has not presented any evidence in support of this allegation. At this point it must be viewed as made on information and belief. Based on CMR's Rule 30(b)(6) deposition, UNLV has not presented sufficient evidence to justify either requiring CMR to incur the expense of pulling the manual records from storage, or to permit UNLV to have unfettered access to those records.

Rec. doc. 63. UNLV was granted an opportunity to present evidence and argument in support of its contention that CMR misrepresented and intentionally misstated the expenses. Rec. doc. 70.

The parties do not dispute the court's description of the preparation of the schedules produced by CMR to UNLV. Rec. doc. 63 at pp. 3-4. In brief, Michelle Diaz, a CPA, was hired by CMR, in part to convert its manual accounting records to computer supported records. This occurred in 2000, which was after the events at issue in the lawsuit but before the lawsuit was filed. Diaz converted the manual records in order to create accurate financial statements for CMR. The schedules produced to UNLV were made from those computer records. The manual records relied on for the computer records are in storage.

The manual records are relevant to UNLV's allegation that CMR "misrepresented and intentionally misstated the expenses incurred in the sale, distribution and promotion of the referenced LPs. . . ." Rec. doc. 1. CMR contends, however, that the schedules it produced satisfy its obligation to provide relevant information responsive to UNLV's allegations. It urges that, notwithstanding their relevancy, it should neither be required to undergo the burden and expense of retrieving the manual records, nor should it be required to turnover to UNLV all of its manual records. The issue is whether:

> [T]he burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). "The court must apply the standard in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether

financially weak or affluent." Fed. Rule Civ. P. 26(b) Advisory Committee's Note, 1983 amendments. These provisions "are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery. . . ." Id. at 1993 amendments.

In support of its allegation that CMR misrepresented and intentionally misstated the expenses, UNLV cites the fact that: (1) CMR failed to prepare an accounting for any artist, including UNLV; (2) when Diaz converted the records, she was required to make assumptions regarding the expenses related to UNLV; (3) CMR cannot testify today that the payments to UNLV described as royalty payments might not have been for live performances; (4) the payments made to the individuals in the UNLV group are not equal; and (5) CMR has not provided an adequate explanation for some items charged as expenses. Rec. doc. 79.

Diaz's deposition testimony demonstrates that the manual records may contain additional information that is relevant to UNLV's allegations. Rec. doc. 79 at pp. 4-5. The testimony reveals that not all of the information contained in the manual records was captured on the computer records. If the manual records were available to UNLV it may be able to challenge assumptions made by Diaz in preparing the computer records. UNLV cites payments on the schedule to Premier Bank that total more than $6,000.00. Exhibit A to Rec. doc. 58-2 at p. 2. It also cites payments to Darren Thomas, Torrance Andrews and Casey Collins, which total $120.00. Id. at p. 1. It contends that there is no basis for the payments to the bank and the three individuals had no relationship with UNLV. While the payments to the individuals are de minimis, the payments to the bank are significant.

CMR is entitled to maintain the integrity of its manual records, and therefore, UNLV cannot

3

be granted unrestricted access to the manual records. UNLV has no right to examine the records of any other artist. The only way to provide UNLV with the manual records is to require CMR to pull the manual records for the charges shown on the computer generated schedules. This may take a considerable amount of man-hours. The remaining issue is who should bear the expense of retrieving the manual records. Considering the limited evidence that UNLV presented in support of its allegation that CMR misrepresented and intentionally misstated the expenses incurred in the sale of the recordings and the long delay in bringing this action, the cost of retrieving the manual records must be shared equally.

The court determines that the reasonable hourly rate for the retrieval of the manual records is $60 per hour. Upon delivery of the records, UNLV shall pay CMR one-half the cost of the retrieval. If UNLV disputes the reasonableness of the hours spent retrieving the records, it shall file a motion with the court seeking a refund of the portion it contends is excessive. If the case is terminated for any reason prior to the completion of the retrieval of the records, UNLV shall be responsible for one half of the costs incurred up to the termination of the case. UNLV may direct CMR to provide all manual records for a particular year and determine, after reviewing those manual records, if it wants CMR to complete the retrieval of the remaining manual records.

The discovery cut-off is September 5, 2006. Rec. doc. 57. The retrieval of the manual records shall be completed by no later than **Friday, August 18, 2006**. This will provide two weeks for any further depositions after the production of the manual records. Within three (3) working days of the entry of this order the parties shall meet and confer to complete a schedule for the production of the manual records, including provision for UNLV to designate production of the

records for one year prior to production of the remaining years.  If the parties are unable to agree to a schedule, UNLV shall promptly contact the undersigned's office to schedule a telephone conference.

IT IS ORDERED that plaintiffs' motion for sanctions (Rec. doc. 58) is GRANTED IN PART and DENIED IN PART in accord with the terms of this order.

New Orleans, Louisiana, this 18th day of July, 2006.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**SALLY SHUSHAN**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**